CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 30 2013

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| EVERETT C. KAYMORE | ) | Criminal Case No. 5:10cr00016-1 |
| | ) | |
| Petitioner, | ) | |
| | ) | **2255 MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | **By: Samuel G. Wilson** |
| Respondent. | ) | **United States District Judge** |

Defendant Everett C. Kaymore brings this motion pursuant to 28 U.S.C. § 2255, seeking to set aside the 240-month sentence the court imposed following Kaymore's guilty plea to a conspiracy to manufacture, possess, and distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). By entering that plea, Kaymore endeavored to avoid the mandatory life sentence that § 841 was commonly understood to impose on recidivist drug felons at the time of his plea and sentencing. Nevertheless, he now claims that he entered his plea involuntarily and that, in various ways, his attorney provided ineffective assistance before and during the plea proceedings. The government has filed a motion to dismiss. Though Kaymore's motion faces considerable hurdles such as procedural default and a collateral-attack waiver, the court dismisses Kaymore's motion on the merits.

## I.

On May 20, 2010, a grand jury indicted Kaymore on nine counts related to his role in a conspiracy to manufacture, possess, and distribute crack cocaine. Two weeks later, the government filed information pursuant to 21 U.S.C. § 851, alleging that Kaymore had six prior felony drug convictions—one 2009 conviction in Virginia and five 1998 convictions in Florida.

As a consequence of that information, Kaymore was subject to a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A). Kaymore entered into a written plea agreement with the government,[1] pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which permits the government and the defendant to agree upon a specific sentence. The plea agreement called for Kaymore to plead guilty to count one of the indictment (a conspiracy to distribute fifty grams or more of cocaine base between October 1,2008, and March 26, 2010, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)) in exchange for an agreed-upon sentence of 240 months and the government's promise to seek dismissal of the remaining counts of the indictment. Kaymore stipulated in the plea agreement that he had been convicted of each drug offense listed in the government's § 851 information. However, the government agreed to withdraw its § 851 information as to the Florida convictions, which had the effect of dislodging the statutorily mandated life sentence. Kaymore also agreed to waive both his right to collaterally attack his plea and sentence and his right to appeal (except on limited grounds).

On October 29, 2010, Kaymore appeared in this court to plead guilty pursuant to the plea agreement. The court placed Kaymore under oath and questioned him at length, first inquiring into Kaymore's competency to enter a knowing and voluntary plea:

> THE COURT: Mr. Kaymore, have you ever been treated for any mental illness or an addiction to narcotic drugs of any kind?
> THE DEFENDANT: Yes, sir.
> THE COURT: What is that?
> THE DEFENDANT: Cocaine, Ecstasy pills, alcohol and I took Ritalin, bipolar, and Naproxen[2] for depression.
> THE COURT: Are you presently under the influence of any drug or medication or alcoholic beverage of any kind?
> THE DEFENDANT: No, sir. I didn't take [anything] today.

---

[1] Before Kaymore pled guilty, the court granted Kaymore's July 8th motion to continue, his September 15th *pro se* motion for new counsel, and his September 15th *pro se* motion to continue.

[2] Naproxen is an over-the-counter pain reliever. See Naproxen, MedlinePlus, http://www.nlm.nih.gov /medlineplus/druginfo/meds/a681029.html (last visited January 28, 2013).

. . . .

   THE COURT: Mr. Kaymore, you indicated that you were taking Ritalin at some point for bipolar disorder. Is that disorder affecting you in any way in your ability to understand these proceedings?
   THE DEFENDANT: No, sir.

(Tr. 8–9, ECF No. 119.) Upon further questioning, Kaymore indicated that he had read the

charges against him and fully discussed them with his counsel. The court asked Kaymore

whether there was anything about the plea agreement he did not understand and whether anyone

had made any other promises or assurances to him in an effort to induce him to enter a plea of

guilty. Kaymore answered "no" to both questions. After reading count one of the indictment to

Kaymore, the court pressed further:

   THE COURT: Now, based on your criminal history and the information that's been filed, ordinarily this offense would carry a mandatory minimum of— you would be essentially subjected to a mandatory minimum of life. You understand that?
   THE DEFENDANT: Yes, sir.
   THE COURT: And a fine of up to $8 million, a period of supervised release, a mandatory special assessment of $100. But you understand that pursuant to your plea agreement, the government is withdrawing all the allegations of the [§ 851] Information filed against you, with the exception of one offense. That would then cause your mandatory minimum to be 20 years and of course, you could be sentenced up to life except for the fact that you have agreed under this plea agreement that you will serve 240 months. So if I accept your plea, this matter completes the sentencing. You will be sentenced, as far as imprisonment is concerned, to 240 months.
   Do you understand that?
   THE DEFENDANT: Yes, sir.
   THE COURT: That is the sentence the Court can impose. The Court can also impose, you understand, a period of supervised release, a mandatory special assessment and a fine of up to $8 million. . . . .
   Do you completely understand that?
   THE DEFENDANT: Yes, sir.

(Tr. 16–17, ECF No. 119.) The court then reviewed a written summary of the evidence that

Kaymore had signed. The factual summary recounted multiple crack-cocaine transactions

between Kaymore and a government agent; a search of Kaymore's residence that revealed drug-

contaminated drug paraphernalia and $21,468 in currency; and how Kaymore and his wife agreed to cooperate with law enforcement but continued to sell crack anyway. The last page of the factual summary (on which Kaymore's signature appears) details how Kaymore obtained a softball-sized portion of cocaine and then cooked the powdered cocaine into crack. Kaymore confirmed to the court that he had signed the factual summary and that there was nothing in it with which he disagreed. Kaymore then pled guilty to count one and executed the guilty-plea form. The court found that Kaymore was fully competent and capable of entering an informed plea, found that his plea of guilty was a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of count one, accepted his plea, adjudged him guilty of the offense, and ordered a presentence report.

At sentencing, the court sentenced Kaymore to 240 months, in accordance with his Rule 11(c)(1)(C) agreement with the government. Kaymore appealed to the Fourth Circuit, but quickly moved in that court for voluntary dismissal, noting that he did not wish to jeopardize his plea agreement and that he erroneously believed he needed to appeal in order to preserve his chance at a Rule 35 substantial-assistance reduction to his sentence.[3] Now Kaymore brings the instant § 2255 motion.

---

[3] In his motion for voluntary dismissal, Kaymore indicated that the government had not promised any Rule 35 relief and that any such relief was at the government's discretion. After the Fourth Circuit dismissed Kaymore's appeal, he moved in this court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which permits a court to modify a term of imprisonment if the sentence was "based on" a sentencing range that was subsequently lowered by the Sentencing Commission, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. Though his sentence was stipulated in the plea agreement and imposed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Kaymore argued the court should reduce his sentence because it had been "calculated by the court to be 240 months" and the Sentencing Guidelines had been amended to the effect that his sentenced could be lessened. The court denied Kaymore's motion.

Kaymore claims his counsel rendered ineffective assistance by assuring Kaymore that "new laws"[4] would reduce the time he actually served. (Br. 6, ECF No. 136.) That claim squarely conflicts with the record, which contains Kaymore's repeated affirmations that no one made him any such assurances. And even if the allegation were true, the court finds that Kaymore cannot show he was prejudiced by counsel's performance and, accordingly, finds no ineffective assistance of counsel.

To show ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness under "prevailing professional norms," and that counsel's deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687–88, 692 (1984). Under the performance prong, "[c]ourts 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' in order to avoid 'the distorting effects of hindsight.'" Merzbacher v. Shearin, No. 10-7118, 2013 WL 285706, at *6 (4th Cir. Jan. 25, 2013) (quoting Strickland, 466 U.S. at 689). The defendant satisfies the prejudice prong by demonstrating "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Within the guilty-plea context, a defendant demonstrates

---

[4] Congress enacted the Fair Sentencing Act of 2010 ("FSA") on August 3, 2010, which reduced the disparity between statutory criminal penalties for crack cocaine and powder cocaine offenses, and the Supreme Court held in Dorsey v. United States 132 S. Ct. 2321, 2326 (2012) that the Act applied retroactively to defendants whose criminal conduct occurred before August 3, 2010, but who were sentenced after that date. At the time of Kaymore's plea and sentencing, however, the prevailing wisdom was that the Fair Sentencing Act would not reduce the sentence of defendants in Kaymore's position. See, e.g., United States v. Glanton, 415 F. App'x 492, 494 n* (4th Cir. 2011) ("The Fair Sentencing Act, which increased the amounts of crack cocaine that trigger statutory mandatory minimum sentences in 21 U.S.C. § 841(b) (West 1999 & Supp. 2010), is not retroactive and is therefore inapplicable to Glanton's sentence.") (citing United States v. Diaz, 627 F.3d 930, 931 (2d Cir. 2010); United States v. Brewer, 624 F.3d 900, 909 n.7 (8th Cir. 2010); United States v. Bell, 624 F.3d 803, 814 (7th Cir. 2010); United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010); United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010)). Here, however, the court imposed an expressly agreed-upon sentence, pursuant to Rule 11(c)(1)(C). See Johnson v. United States, No. 5:10cr00005, 2013 WL 275880 (W.D. Va. January 24, 2013) (denying a § 2255 motion because the court sentenced the defendant pursuant to Rule 11(c)(1)(C)).

this by showing there is a reasonable probability that, absent counsel's error, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).[5]

Here, Kaymore affirmed in the plea agreement and during the plea colloquy that no one had made him any promises or assurances not outlined in the plea agreement. "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005). But even if the court accepts Kaymore's allegation as true, the record in this case makes it clear that Kaymore understood that his crimes subjected him to a mandatory life sentence, and that he was *avoiding* a life sentence by agreeing with the government, pursuant to Rule 11(c)(1)(C), that he would serve only 240 months. Consequently, Kaymore has not shown that, in the absence of the promise, there is a reasonable probability he would have rejected his 240-month sentence and insisted on facing a mandatory life sentence at trial. See Hill, 474 U.S. at 59 (holding that a defendant demonstrates prejudice in the guilty-plea context by showing there is a reasonable probability that, absent counsel's error, he would not have pled guilty and would have insisted on going to trial). Accordingly, the court finds no ineffective assistance of counsel and dismisses the claim.

## III.

Kaymore claims his counsel was ineffective in failing to explain the ramifications of the § 851 information. Kaymore argues that "[a] criminal defendant has a Constitutional right to know how much time he's facing, in order to make an informed decision to plead guilty or go to

---

[5] As the Supreme Court and the Fourth Circuit have noted, "'there is no reason for a court deciding an ineffective assistance claim' to resolve 'both components of the inquiry if the defendant makes an insufficient showing on one.'" Merzbacher, 2013 WL 285706, at *6 (quoting Strickland, 466 U.S. at 697).

trial, and counsel is ineffective for failing to provide movant with such legal knowledge." (Br. 4, ECF No. 136.) The record shows, however, that Kaymore in fact possessed the knowledge he now claims to have lacked. The first page of the plea agreement states, "There is a mandatory minimum sentence of imprisonment for a term of life." (Plea Agreement 1, ECF No. 84.) Likewise, during the plea colloquy, the court asked Kaymore: "Now, based on your criminal history and the information that's been filed . . . you would be essentially subjected to a mandatory minimum of life. You understand that?" (Tr. 16, ECF No. 119.) Kaymore: "Yes, sir." (Id.). By the same token, both the written plea agreement and the plea colloquy demonstrate Kaymore's understanding that he was avoiding a life sentence by pleading guilty. And the plea agreement and colloquy illustrate that Kaymore was making his plea decision after consulting with his counsel, with whose services he was fully satisfied. In short, all indications are that Kaymore knew he faced a life sentence and made the informed decision to plead guilty and take a lighter sentence—specifically, 240 months. Because Kaymore has not demonstrated prejudice, the court finds no ineffective assistance and dismisses the claim.

**IV.**

Kaymore claims that his counsel was ineffective in "fail[ing] to challenge the [§] 851 enhancement." (Br. 3, ECF No. 136.) He makes the related claim that counsel was ineffective in failing to challenge the "faulty guideline range" because his convictions in Florida "were not valid for [the] purposes of [§ 851] enhancement." (Br. 4, ECF No. 136.) Both arguments depend on his attorney's failure to challenge the government's § 851 information. Neither argument has merit. First, the court sentenced Kaymore pursuant to his Rule 11(c)(1)(C) agreement with the government, which did not incorporate the § 851 Florida convictions. And second, Kaymore's Florida conviction occurred in 1998, and § 851 bars any collateral attack on a

prior conviction when it occurs more than five years before the date of the § 851 information

alleging prior conviction. 21 U.S.C. § 851(e); see also United States v. Simmons, 649 F.3d 237,

250 n.11 (4th Cir. 2011). Consequently, Kaymore's counsel had no basis for challenging

Kaymore's Florida convictions. The court therefore finds that Kaymore has not demonstrated

that counsel performed deficiently and dismisses the claim.[6]

## V.

Kaymore claims that his attorney "was well aware of [his] Mental disorder yet he did not

inform the court and the court failed to ask." (Br. 7, ECF No. 136.) To the contrary, the court

asked Kaymore whether he had been treated for mental illness or drug addiction, and Kaymore

answered that he had, but that he was not under the influence and that his bipolar disorder was

not interfering with his ability to understand the proceedings. After questioning him, the court

made an independent assessment of Kaymore's competency and determined that he was fully

competent and capable of entering a knowing and voluntary plea. Absolutely nothing here

dispels that conclusion. Accordingly, the court finds no hint of ineffective assistance or

involuntariness and dismisses the claim. See Lemaster, 403 F.3d at 221–22 ("[I]n the absence

of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is

conclusively established, and a district court should, without holding an evidentiary hearing,

dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn

statements.").

---

[6] Kaymore argues that the Federal District Court for the Middle District of Florida "found that Section 893.13 of the Florida Statute [under which Kaymore was convicted in 1998] . . . was unconstitutional." (Br. 5. ECF No. 136.) The court notes that the Federal District Court for the Middle District of Florida (whose decisions do not bind this court) did not render its decision until July 27, 2011, more than four months after this court sentenced Kaymore. See Shelton v. Sec'y, Dep't of Corr., 802 F. Supp. 2d 1289 (M.D. Fla. 2011). In addition, the Eleventh Circuit Court of Appeals has since reversed the district court's holding. See Shelton v. Sec'y, Dep't of Corr., 691 F.3d 1348 (11th Cir. 2012). Kaymore also seems to claim that Florida state courts have invalidated the statute under the Florida constitution. While there has been much litigation in Florida state courts regarding § 893.13, the statute has not been invalidated as unconstitutional. See State v. Adkins, 96 So. 3d 412, 414–16 (Fla. 2012).

**VI.**

For the reasons stated, the court dismisses Kaymore's motion pursuant to 28 U.S.C. § 2255.

**ENTER**: January 30, 2013.

UNITED STATES DISTRICT JUDGE